UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PEDRO GOMES, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | C. A. No. 07-096-ML |
| v. | ) | |
| | ) | |
| BUREAU OF IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| Respondent[1] | ) | |

MOTION TO DISMISS

Respondent moves to dismiss this action pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: dulce.donovan@usdoj.gov

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 13th day of April, 2007, I electronically filed the within Motion to Dismiss with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. A copy of this document has been forwarded by regular mail, to Pedro Gomes, Donald W. Wyatt Detention Center, 950 High Street, Central Falls, RI 02863.

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PEDRO GOMES | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | C. A. No. 07-096-ML |
| v. | ) | |
| | ) | |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| | ) | |
| Respondent[2] | ) | |

RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner is detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), and seeks relief from his detention through timely removal from the United States. Petitioner explains that, "whatever [ICE] need[s] from me to make the deportation successful, they have my full attention." Petition for Writ of Habeas Corpus, p. 1.

Petitioner's recent detention pending execution of his final order of removal dates from August 25, 2006, and is therefore just in excess of the presumptively lawful six-month detention limit allowed by the Supreme Court in Zadvydas v. Davis, et al., 533 U.S. 678, 701 (2001) (recognizing six months as a presumptively reasonable period of post-final order detention within which to allow the government to accomplish an alien's removal). See Attachment A, Declaration of Deportation Officer Richard Simmons.

However, because petitioner at present has been now been scheduled for removal on May 27, 2007, see Attachment A, there is obviously a "significant likelihood of removal in the

[2] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

reasonably foreseeable future", and petitioner's detention remains lawful pending execution of that order. Zadvydas v. Davis, et al., 533 U.S. at 701.

Accordingly, petitioner fails to state any claim of unlawful detention upon which relief may be granted.

## ARGUMENT

### I. PETITIONER IS LAWFULLY DETAINED BY RESPONDENT PENDING EXECUTION OF HIS ORDER OF REMOVAL.

Petitioner raises no challenge to his final administrative order of removal,[3] but instead complains to the Court that he has been "incarcerated without a date to be deported or a date for any other judicial procedure." Petition, p.1.

The Supreme Court in Zadvydas v. Davis, et al., 533 U.S. 678 (2001) recognized six months as a presumptively reasonable period of post-final order detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 701. However, the Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas v. Davis, et al., 533 U.S. at 701 (emphasis added).

---

[3] Nor could he in the district court, after enactment of the REAL ID Act of 2005. Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) ("The plain language of these [REAL ID Act] amendments, in effect, strips the district court of habeas jurisdiction over final orders of removal, including orders issued prior to enactment of the Real ID Act. . . . Congress has now definitively eliminated any provision for [habeas] jurisdiction.").

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), aff'd 341 F.3d 853 (9th Cir. 2003), even where post-order detention had exceeded six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in Zadvydas which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

Lema v. USINS, 214 F.Supp.2d at 1118.

In the instant case, petitioner has now been detained pending execution of his removal order for over six months, but less than seven months. However, because petitioner's removal is now scheduled for May 27, 2007, petitioner cannot "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future", Zadvydas v. Davis, et al., 533 U.S. at 701, and so his detention pending execution of his removal order as scheduled remains lawful.

Accordingly, this action should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Because the petition has failed to state any claim of unlawful detention, this action should be dismissed and all other requested relief denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: dulce.donovan@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 13th day of April, 2007, I electronically filed the within Return and Memorandum of Law in Support of Motion to Dismiss with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. A copy of this document has been forwarded by regular mail, to Pedro Gomes, Donald W. Wyatt Detention Center, 950 High Street, Central Falls, RI 02863.

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov